IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00081-RLV
(5:03-CR-00004-RLV-8)

| | |
|---|---|
| RODERICK LAMAR WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. § 2255. No response is necessary from the Government. For the reasons that follow, the § 2255 motion will be dismissed as successive.

### I. BACKGROUND

On December 19, 2005, Petitioner appeared for his sentencing hearing following a jury trial where he was convicted for conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute a quantity of cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count 6); and two counts of using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting the same, all in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 7 and 9). Petitioner was sentenced to concurrent terms of life imprisonment on Counts 1 and 6; and a term of 60-months' imprisonment on Count 7 and a term of 300 months' imprisonment on Count 9, with such terms to run consecutively to the terms imposed in Counts 1 and 6 for a total term of life imprisonment plus 360-months in prison.

1

(5:03-CR-00004, Doc. No. 641: Judgment in a Criminal Case). Petitioner's judgment was affirmed in all respects on direct appeal by the United States Court of Appeals for the Fourth Circuit. See United States v. Williams, 225 F. App'x 151 (4th Cir.) (unpublished), cert. denied, 550 U.S. 978 (2007). [1]

After his judgment became final, Petitioner filed a § 2255 motion in this district. The Government filed a motion for summary judgment which this Court granted after finding that Petitioner had failed to present any meritorious grounds for relief. Williams v. United States, No. 5:08-CV-00041-RLV (W.D.N.C. Oct. 9, 2012), dismissed, 527 F. App'x 261 (4th Cir. 2013) (unpublished).

On or about July 31, 2013, Petitioner filed a second § 2255 motion in an effort to challenge his criminal judgment, this time contending that he was entitled to sentencing relief based on the Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013). This Court dismissed the § 2255 motion after finding that it was an unauthorized, successive motion under the provisions of 28 U.S.C. § 2255(h). Williams v. United States, No. 5:13-CV-00108-RLV (W.D.N.C. Aug. 13, 2013), dismissed, 2014 U.S. App. LEXIS 5908 (4th Cir. Mar. 31, 2014).

On May 23, 2014, the Clerk docketed the present § 2255 motion and Petitioner again contends that he is entitled to relief based on the Supreme Court's Alleyne decision.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

---

[1] A full discussion of Petitioner's procedural history in his criminal proceeding and in his first habeas proceeding can be found in Case No. 5:08-CV-00041. (Doc. No. 76: Order).

2

the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Court finds that Petitioner is not entitled to continue in this collateral proceeding because he has provided no evidence that he has obtained the necessary authorization from the Fourth Circuit to file the present § 2255 motion. The Court is therefore without jurisdiction to consider the merits, if any, of the present motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).[2]

---

[2] In any event, Petitioner's reliance on Alleyne is misplaced. See Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (noting that the Supreme Court has not declared that Alleyne should apply retroactively to cases on collateral review) ("Alleyne is an extension of Apprendi v. United States, 530 U.S. 466 (2000). Justices have decided that other rules based on Apprendi do not apply retroactively to cases on collateral review.") (internal citations omitted).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion to vacate is **DISMISSED** without prejudice as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion requesting judicial notice is **DISMISSED** as moot. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 10, 2014

Richard L. Voorhees
United States District Judge